UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRUMBULL – GREAT LAKES – RUHLIN, A JOINT VENTURE, | ) ) ) | CASE NO. 1:18-CV-01208 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| vs. | ) ) | **OPINION AND ORDER** |
| URS CORPORATION, et al., | ) ) | |
| Defendants. | ) | |

Before the Court is Defendants URS Corporation ("URS") and Steven Stroh's ("Stroh") Motion to Dismiss Counts III, IV, V, VI and VII of the Complaint ("Motion"). Doc #: 12. For the following reasons, URS and Steven Stroh's Motion to Dismiss is **GRANTED**.

**I.  Background**

Trumbull-Great Lakes-Ruhlin ("TGR") filed the instant action on May 25, 2018, alleging breach of contract, negligence, vicarious liability, indemnification, and requesting declaratory judgement against URS and Stroh. Doc #: 1. On July 24, 2018, URS and Stroh filed their Motion. Doc #: 12. TGR filed its Opposition Brief on August 23, 2018. Doc #: 19. URS and Stroh filed their Reply Brief on September 4, 2018. Doc #: 21. TGR filed a Notice of Supplemental Authority on September 20, 2018. Doc #: 25. URS and Stroh filed their Response on September 24, 2018. Doc #: 26.

## II.     Facts

The following facts are alleged by TGR in its Complaint. TGR is a joint venture consisting of Trumbull Corporation, The Great Lakes Construction Co., and The Ruhlin Company. Compl. ¶ 2. TGR is in the business of development, general contracting, construction management, and construction services. Compl. ¶ 3. URS provides professional architectural, engineering, and design services. Compl. ¶ 5. URS contracted with TGR to provide design and engineering services. Compl. ¶ 6. Stroh, a Florida resident and licensed professional engineer in Ohio, was the chief bridge engineer for URS. Compl. ¶¶ 7, 8, 9, 30.

In 2013, TGR responded to the Ohio Department of Transportation's ("ODOT") request for qualifications for the $275 million replacement of the eastbound bridge that carries Interstate-90 over the Cuyahoga River in Cleveland, Ohio ("the Project"). Compl. ¶ 18. TGR then entered into a contract (the "Teaming Agreement") with URS, in which URS agreed to cooperate in preparing TGR's statement of qualifications ("SOQ") and its proposal to be submitted to ODOT. Compl. ¶ 22. TGR used information regarding budgets, cost estimates, and schedules provided by URS in preparing its submission. Compl. ¶ 25.

After making the short list and while it was developing design and engineering necessary for TGR's proposal, URS and Stroh failed to tell TGR about changes that they made to their proposal drawings prior to the submission of the proposal. Compl. ¶¶ 29, 41, 42. In September 2013, ODOT accepted TGR's proposal, absent these changes, and awarded it the prime contract for the Project. Compl. ¶ 64. Under the prime contract, TGR was to be held responsible for any damages resulting from a subcontractor's work. Compl. ¶ 65. During the Project, URS made further changes to their proposed drawings without notifying TGR, forcing it to incur the cost of the additional steel that was required by these design changes. Comp. ¶¶

2

71, 72, 75. By the time the Project was completed, URS's errors, omissions, and other breaches resulted in TGR incurring more than $7 million in costs over and above what they had anticipated. Compl. ¶ 79. TGR now seeks to recoup these extra costs from URS and Stroh. Compl. ¶ 80.

**III.    Legal Standard**

In reviewing a 12(b)(6) motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Shoup v. Doyle*, 974 F. Supp. 2d 1058, 1071 (S.D. Ohio 2013); *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). A court need not, however, credit bald assertions, legal conclusions, or unwarranted inferences. *Kavanagh v. Zwilling*, 578 F. App'x 24, 24 (2d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Twombly*, 550 U.S. at 570. The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Id.* at 555. Although Rule 12(b)(6) does not impose a probability requirement at the pleading stage, a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quotation marks omitted). Simply reciting the elements of a cause of action does not suffice. *Iqbal*, 556 U.S. at 678.

In determining whether to grant a Rule 12(b)(6) motion, the Court may consider any exhibits attached to the complaint or a motion to dismiss. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

**IV.  Discussion**

    **A.  Tort Claims**

TGR's tort claims against URS and Stroh are insufficiently pleaded.  In Counts III, IV, V, and VI of its Complaint, TGR makes claims for negligence, reckless and wanton negligence, and vicarious liability.  Doc #: 1.  URS and Stroh argue that these claims should be dismissed because TGR has not sufficiently pleaded non-economic damages.  Doc #:12 at 9, 10.  In a contract action, under Ohio's Economic Loss Doctrine, unless a plaintiff has alleged non-economic damages it cannot make claims in tort.  *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 835 N.E.2d 701, 704 (Ohio 2005) (citing *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 630 (Ohio 1989).  Courts throughout Ohio have defined non-economic losses as losses that arise from "tangible physical harm to persons or property."  *Fed. Ins. Co. v. Fredericks*, 29 N.E.3d 313, 320 (Ohio Ct. App. 2015) (citing *RWP, Inc. v. Fabrizi Trucking & Paving Co.*, 2006 WL 2777159, at *20).  Thus, TGR has to allege that it has suffered non-economic damages for its tort claims to survive URS and Stroh's Rule 12(b)(6) motion.

The only allegation of non-economic damages that TGR makes for each of its tort claims is that it has suffered "actual damage to tangible and other property and other non-economic losses." Compl. ¶¶¶¶ 185, 200, 215, 230.  When reviewing a Rule 12(b)(6) motion to dismiss, a court need not credit bald assertions, legal conclusions, or unwarranted inferences.  *Zwilling*, 578 F. App'x at 24.  A pleading that simply recites the elements of a cause of action will not suffice.  556 U.S. at 678; *see also Dana Ltd. v. Aon Consulting, Inc.*, 984 F. Supp. 2d 755, 767 (N.D. Ohio 2013).

Here, TGR's allegations are simply a recitation of the definition of non-economic damages.  Beyond merely stating that it has suffered non-economic damages, TGR does not

4

identify or describe these damages.  Further, in its Opposition Brief, TGR again cited to these allegations without expounding on them.[1]  Doc #: 19 at 8.

The Court conducted a Case Management Conference on September 7, 2018, with counsel and the parties.  The only non-economic damages that TGR could identify was the cost of purchasing more steel to complete the Project as a result of URS and Stroh's failure to notify TGR of changes that they made to their work.  Compl. ¶ ¶ ¶ ¶ 41, 42, 72, 75.  However, the cost of buying more steel than originally anticipated is an economic loss.  *Chemtrol*, 537 N.E.2d at 629 (explaining that additional production expenses incurred by a Plaintiff in a breach of contract case are consequential expenses that are generally regarded as economic loss).

There is a strong presumption in our jurisprudence against permitting a party to a contract to make a tort claim against the other party for what it did or did not do in performing the contract, particularly in a case such as this one where the contract is between two corporations and one corporation is claiming an employee of the other corporation committed a tort. *Corporex*, 835 N.E.2d at 704.  Otherwise, a party dissatisfied with the results of a contract could easily circumvent bargained-for limitations of responsibility, liability, or damages.  *Id.*  As detailed above, the Court finds that TGR has failed to overcome that presumption and accordingly grants Defendants' Motion as it relates to Counts III, IV, V, and VI of the Complaint.

### B.     Declaratory Judgment Claim

This Court declines to entertain TGR's claim for declaratory judgment.  In Count VII of its Complaint, TGR requests that this Court declare that URS cannot enforce "any putative

---

[1] In its Opposition Brief, TGR also mischaracterized this Court's July 25, 2018 denial of Defendant's Rule 11 Motion for Sanctions as a finding that its non-economic damages were adequately pleaded.  Doc #: 19 at 7.

limitation of liability in the Teaming Agreement or Design Subagreement" and that URS be required to reimburse it for all damages arising from URS's alleged breaches of those agreements. Compl. ¶ ¶ 235, 236. URS and Stroh argue that such a claim is not proper and that there are no factors necessitating imminent declaratory relief. Doc #: 12 at 14, 15. As explained in this Court's decision in *Traxler v. PPG Indus.*, 158 F.Supp.3d 607, 626-27 (N.D. Ohio 2016), the Declaratory Judgment Act is "an enabling Act, which confers a discretion to the courts rather than an absolute right upon the litigant." Declaratory judgments are favored when "(1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* (quoting *Zaremba v. Marvin Lumber & Cedar Co.*, 458 F.Supp.2d 545, 552 (N.D. Ohio 2006)). Neither factor is met here. Moreover, Count VII is duplicative of Counts I and II. Thus, the Court declines to entertain Count VII of TGR's Complaint and grants URS and Stroh's Motion.

**V.    Conclusion**

For the foregoing reasons, URS and Stroh's Motion to Dismiss is **GRANTED**. Counts III, IV, V, VI, and VII are hereby **DISMISSED.**

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster Sept. 28, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**